IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT COPE, :
:
      Plaintiff, :
:
v. : 3:15-CV-01876
: (JUDGE MARIANI)
LT. REEDY P., et al, :
:
      Defendants. :

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is a Report and Recommendation ("R&R") (Doc. 68) by Magistrate Judge Saporito, in which he recommends that the Motion for Summary Judgment (Doc. 52) filed by Defendants Lt. Reedy, Lt. Geisinger, Sgt. Kosakowski, Unit Manager Ciocca, Corrections Officer Toluba, Corrections Officer Wintersteen, Corrections Officer Martin, Secretary Wetzel, and Superintendent Delbalso be granted in part and denied in part.

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which

objection is made." *Id.* at § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); M.D. Pa. Local Rule 72.3; *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). "If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to *de novo* review by the district court." *EEOC v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017). However, "because a district court must take some action for a report and recommendation to become a final order and because the authority and the responsibility to make an informed, final determination remains with the judge, even absent objections to the report and recommendation, a district court should afford some level of review to dispositive legal issues raised by the report." *Id.* at 100 (internal citations and quotation marks omitted).

The time for filing objections to Magistrate Judge Saporito's R&R has passed and no party has filed any response to the R&R.

Upon review of the R&R for clear error or manifest injustice, the Court will adopt in part and overrule in part the pending R&R.

## II. ANALYSIS

Although Plaintiff's Amended Complaint (Doc. 11) does not clearly delineate his claims, the Court reads the Amended Complaint as alleging three causes of action: (1) violation of Plaintiff's Eighth Amendment rights due to the defendants' deliberate indifference; (2) violation of Plaintiff's Fourteenth Amendment rights, and specifically his purported liberty interest in pressing charges against his attacker, Michael Sipes; and (3) a state law claim of negligence.

2

In the R&R, Magistrate Judge Saporito recommends that Plaintiff's Fourteenth Amendment claim be dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief can be granted (Doc. 68, at 28, ¶ 1; *see also, id.* at 9-11) and that Defendants' motion for summary judgment be granted with respect to Plaintiff's state law negligence claim (*id.* at 28, ¶ 3; *see also, id.* at 25-27). The Court agrees with the Magistrate Judge's analysis on these issues and will adopt these recommendations without further discussion.

With respect to Plaintiff's Eighth Amendment claim, the R&R recommends that summary judgment be granted in favor of Defendants Wetzel, Delbalso, Reedy, and Geisinger, but that the motion for summary judgment be denied as to Defendants Martin, Wintersteen, Toluba, and Kosakowski. (*Id.* at 28-29, ¶¶ 4-5; *see also*, 11-23). Although the Court agrees with the Magistrate Judge's analysis and recommendation that Wetzel, Delbalso, Reedy, and Geisinger should be granted summary judgment, we disagree that summary judgment should not also be granted to Wintersteen, Martin, and Toluba. Furthermore, although the R&R discusses Ciocca's role in the events giving rise to the Eighth Amendment claim, there is no recommendation with respect to whether Ciocca is entitled to summary judgment on this claim.

As explained by the Magistrate Judge, Cope's Eighth Amendment Failure to Protect claim is premised on Cope's "claims that, at the time of his cell transfer, he advised defendants Officer Wintersteen, Officer Martin, Officer Toluba, and Sergeant Kosakowski

3

multiple times that he had been threatened with physical harm by inmate Sipes" and that "Unit Manager Ciocca should also be held liable for failure to protect because Ciocca was familiar with inmate Sipes and his assaultive history when he assigned Cope to move into the same cell as Sipes." (Doc. 68, at 18-19).

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners against the 'unnecessary and wanton infliction of pain'" and "impose[s] a duty upon prison officials to take reasonable measures 'to protect prisoners from violence at the hands of other prisoners.'" *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). A cause of action cannot lie under the Eighth Amendment where a government official is merely negligent in causing the injury. *See Davidson v. Cannon*, 474 U.S. 344, 347, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *see also*, *Freeman v. Miller*, 615 Fed.App'x. 72, 76 (3d Cir. 2015) (finding that Plaintiff could not succeed on his Eighth Amendment claim because "[t]he correctional officers were, at most, negligent in failing to take more forceful anticipatory action such as rehousing the inmates based on an unlikely threat."). Rather, "[i]n order for a plaintiff to prove a constitutional violation in a failure-to-protect case, a claimant must demonstrate that: (1) he is 'incarcerated under conditions posing a substantial risk of serious harm;' and (2) the prison

officials acted with 'deliberate indifference to his health and safety.'" *Ogden v. Mifflin Cty.*, 2008 WL 4601931, *3 (M.D. Pa. 2008) (citing *Farmer*, 511 U.S. at 834).

With respect to the first prong of the inquiry – a substantial risk of serious harm – the Court must conduct an objective analysis. *See Farmer*, 511 U.S. at 834; *Hamilton*, 117 F.3d at 746. Thus, the inquiry ordinarily will not be satisfied by evidence of a single incident or isolated incidents. *See Riley v. Jeffes*, 777 F.2d 143, 147 (3d Cir. 1985). An objectively substantial risk of harm, however, may be "established by much less than proof of a reign of violence and terror." *Id.* (quoting *Shrader v. White*, 761 F.2d 975, 978 (4th Cir. 1985)).

The second prong of a failure to protect case requires that prison officials acted with deliberate indifference to the prisoner's health and safety. In cases of prisoner incarceration, Eighth Amendment liability attaches only to the "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (quoting *Whitley*, 475 U.S. at 319). Thus, not only must a prisoner's conditions of incarceration be sufficiently serious, but prison officials must possess a "sufficiently culpable state of mind" in allowing such a condition to persist. *Beers-Capital v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). Under this prong, the Court must analyze whether prison officials were, from a subjective standpoint, deliberately indifferent to an inmate's health or safety. *Farmer*, 511 U.S. at 834. Specifically, the Court must determine whether an official consciously knew of and disregarded an excessive risk to the prisoner's well-being. *Farmer*, 511 U.S. at 839-44; *Hamilton*, 117 F.3d at 747. It is not enough to show that the prison official was "aware of the

5

facts from which the inference could be drawn that a substantial risk of serious harm exists." *Farmer*, 511 U.S. at 837. Rather, the prison official "must also draw the inference." *Id.* The official's actual knowledge may be proved by circumstantial evidence. *Beers-Capital*, 256 F.3d at 131.

In this case, because this Court finds that Plaintiff cannot establish that Wintersteen, Martin, Toluba, and Ciocca, were deliberately indifferent to Cope's health or safety, we will focus our analysis on this second prong.

An inmate cannot establish sufficient subjective awareness of a serious risk of harm to satisfy an Eighth Amendment claim by simply asserting that staff members were informed that an inmate was not getting along with his cellmate. *See O'Connell v. Williams*, 241 Fed.App'x. 55, 58 (3d Cir. 2007) (plaintiff's repeated requests for a new cell and allegations that he and his cellmate were "not getting along" were insufficient to establish that defendant was aware of a serious threat to plaintiff's safety). Instead, "[a]ctual knowledge can be proven circumstantially [only] where the general danger was obvious; that is, where 'a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past.'" *Counterman v. Warren Cty. Corr. Facility*, 176 Fed.App'x. 234, 238 (3d Cir. 2006) (quoting *Farmer*, 511 U.S. at 842-43).

Additionally, in cases involving an inmate-on-inmate attack, the Third Circuit has routinely found that, under the standards of a failure to protect claim, prison officials were not aware of a serious risk where there were no previous incidents of violence between the

inmates, even if officials had notice of threats or potential for violence prior to the attack. *See Bizzell v. Tennis*, 447 Fed.App'x. 112 (3d Cir. 2011) (affirming grant of summary judgment to defendants as to plaintiff's failure to protect claim because lack of prior fighting between the two inmates involved, even though plaintiff had informed officers that his cellmate was "crazy," does not indicate that defendants were aware of a serious risk); *Blanchard v. Gallick*, 448 Fed.App'x. 173 (3d Cir. 2011) (summary judgment was proper because defendants did not act with deliberate indifference after plaintiff received two threats from his cellmate and was moved to a different cell, after having been previously attacked by a different cellmate); *Blackstone v. Thompson*, 568 Fed.App'x. 82 (3d Cir. 2014) (affirming summary judgment because the inmate failed to show that corrections officers both knew of and were deliberately indifferent to an excessive risk to his safety, where there were no longstanding, pervasive, well-documented or previously noted tensions between prisoner and his cellmate). *See also, Freeman* (summary judgment was proper in finding that corrections officers were not deliberately indifferent when they issued a disciplinary warning to prisoner after said prisoner told them he would stab his cellmate, but the officers took no further action to prevent the eventual attack that occurred).

Cope's "Declaration in Opposition to Defendant's Motion for Summary Judgment" sets forth several assertions that are key to this Court's determination that there is no triable issue as to whether Wintersteen and Martin were deliberately indifferent to Cope's safety or health. In particular, Cope's Declaration sets forth the following factual assertions:

- Upon arriving on B-Block and being told by Defendant Wintersteen that Cope was being placed in a cell with Sipes, Cope "stated to defendant Winterstein [*sic*] that I did not want to go into the cell with inmate Sips [*sic*] because I feared he would assault me." In response, Plaintiff admits that "Defendant Winterstein [*sic*] then contacted defendant Sergeant Kosakowski, and informed him that I did not want to go into the assigned cell with inmate Sipes." Kosakowski then arrived on B-Block and spoke separately with Plaintiff and Sipes. (Doc. 64, at ¶¶ 7-11).
- After Sipes purportedly threatened Cope again that same day, Cope spoke with Defendants Wintersteen and Martin and told them he "felt threatened" by Sipes. In response, Plaintiff admits that "Defendants Winterstein [*sic*] and Martin again contacted defendant Sergeant Kosakowski". Upon arriving, Kosakowski again spoke with both Cope and Sipes. (*Id.* at ¶¶ 12-18).

Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment recites these same factual assertions (Doc. 63, at 1-2).

Plaintiff's Brief, Declaration, and other exhibits all demonstrate that Defendants Wintersteen and Martin did not ignore Plaintiff's concerns or fail to act on these concerns. Rather, after both complaints, one or both of these defendants contacted a supervisor, Sergeant Kosakowski, and informed him of the issues raised by Plaintiff. As a result, both times Kosakowski came and spoke to Cope and Sipes. Viewing all evidence in the light most favorable to Plaintiff, his own assertions make clear that each time Wintersteen and

Martin were told by Plaintiff that he was concerned about his safety if he was left in a cell with Sipes, Wintersteen and/or Martin took affirmative actions to respond to Plaintiff's concerns; i.e. calling Kosakowski and informing him of the issue. Further, both times, Kosakowski came and spoke with Plaintiff and Sipes. There was no reason for Wintersteen and Martin to believe, or have reason to believe, that Plaintiff's concerns had not been addressed or that Kosakowski was incorrect in his determination that Cope could share a cell with Sipes. In addition, there is no record evidence that Wintersteen or Martin had the authority to make a decision contrary to that of Kosakowski, a higher ranking officer, each time after Kosakowski ordered Cope to move in with Sipes. There is nothing in the record to suggest that Wintersteen or Martin had the authority to do more than they did, i.e. report the complaints to Kosakowski. To the extent that they fulfilled their responsibility of reporting the problem, they cannot be said to have been deliberately indifferent. As a matter of law, this Court cannot say that Wintersteen and Martin's actions were not reasonable. *See e.g. Freeman*, 615 F.App'x at 76 ("An official who knows of a risk to a prisoner can avert liability if he shows that he acted reasonably, even if injury still occurred.")(citing *Beers-Capitol,* 256 F.3d at 132).

There is also no evidence to create a material dispute of fact with respect to whether Toluba was deliberately indifferent. In Plaintiff's Declaration, the only reference to Defendant Toluba is that this defendant was one of several correctional officers who responded to Plaintiff's cries for help when Sipes attacked him. (*See* Doc. 64, at ¶ 21).

However, Plaintiff's brief in opposition to summary judgment alleges that, the second time Cope vocalized his concerns about Sipes, Defendant Kosakowski "brought along defendant Toluba." (Doc. 63, at 2). Nonetheless, despite Toluba's presence, Plaintiff's Brief asserts that it was Kosakowski who ordered him to move into the cell with Sipes. (*Id.*). Thus, although drawing every inference in favor of Plaintiff and therefore assuming that Toluba was aware of Cope's assertions that Sipes had threatened him, there is no evidence to create a material issue as to whether Toluba could take any further action other than what he did, i.e., accompany Kosakowski when he spoke with Sipes the second time, or, similarly to Wintersteen and Martin, that Toluba was a decision-maker or had the ability to question or overrule Kosakowski's decision to order Cope to move into the cell with Sipes.

Finally, with respect to Defendant Ciocca, it appears undisputed that this defendant was not present immediately before, or at the time of, Sipes' attack on Cope; nor is there any material factual dispute that Ciocca did not know about Sipes' purported threats towards Cope. Rather, as Magistrate Judge Saporito explained, Cope's claim against Ciocca is premised on Plaintiff's assertion that "Unit Manager Ciocca should [ ] be held liable for failure to protect because Ciocca was familiar with inmate Sipes and his assaultive history when he assigned Cope to move into the same cell as Sipes." (Doc. 68, at 18-19). However, Ciocca's admitted knowledge of Sipes' racist beliefs and history of confrontations with non-whites is insufficient, by itself, to show that Ciocca was aware of an excessive risk to the safety of Cope, a white male. Plaintiff fails to come forward with any record evidence

to demonstrate that Ciocca consciously knew of and disregarded an excessive risk to Cope's well-being. In fact, Ciocca's decision to place Cope in the same cell as Sipes stemmed from his knowledge that Sipes had a history of violence towards non-whites and should not be placed in a cell with a non-white prisoner. Plaintiff has not presented any evidence that Ciocca knew, or should have known, that Sipes posed a particular or substantial threat to Cope.

For the foregoing reasons, the Court finds that there is no dispute of material fact that Defendants Wintersteen, Martin, Toluba, and Ciocca, did not consciously know of, and disregard, an excessive risk to Cope's well-being. Defendants Wintersteen, Martin, and Toluba, all took affirmative actions to address the situation and Cope's concerns and although there may be an issue as to whether they were "aware of the facts from which the inference *could* be drawn that a substantial risk of serious harm exists," *Farmer*, 511 U.S. at 837 (emphasis added), there is no record evidence that these defendants actually did "also draw the inference", *id.*, and therefore have actual knowledge of the excessive risk to Cope. With respect to Ciocca, Plaintiff has not come forward with any evidence to create a dispute of material fact that Ciocca was aware of any excessive risk in making the initial determination to place Cope and Sipes in the same cell. As such, there is no evidence to place at issue whether Wintersteen, Martin, Toluba, and Ciocca, were deliberately

indifferent to Cope's health and safety. Summary judgment must therefore be granted in favor of these defendants with respect to Cope's Eighth Amendment claim.[1]

### III. CONCLUSION

For the reasons set forth above, upon review of the R&R for clear error or manifest injustice, the Court will adopt in part and overrule in part the Magistrate Judge's recommendations. A separate Order follows.

Robert D. Mariani
United States District Judge

---

[1] The Court agrees with Magistrate Judge Saporito that Kosakowski is not entitled to summary judgment on Cope's Eighth Amendment claim. There are multiple issues of material fact which prevent the entry of summary judgment on Cope's claim, including the extent of Kosakowski's knowledge of the danger to Cope, what was said during Kosakowski's conversations with Cope and Sipes, and whether Kosakowski knew that there was a substantial risk of harm to Cope if Cope was forced to remain in a cell with Sipes. In sum, this Court cannot ascertain whether Kosakowski subjectively perceived the risk that Sipes would assault Cope and whether, having so perceived this risk, he disregarded the excessive risk of harm. The Court further notes that to the extent an argument could be made that Kosakowski was not deliberately indifferent because he undisputedly offered to put Plaintiff in the Restrictive Housing Unit, Plaintiff's characterization of this offer as placing him in the "hole" suggests that Plaintiff interpreted Kosakowski's offer as punishment, thus creating a material issue of fact as to whether this offer was, in fact, punishment for complaining and not due to any alleged actual awareness by Kosakowski of the excessive risk of harm to which Plaintiff may be subjected.