IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT COPE,                          :
                                      :
                Plaintiff,            :
                                      :
        v.                            :   3:15-CV-01876
                                      :   (JUDGE MARIANI)
LT. REEDY P., et al,                  :
                                      :
                Defendants.           :

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

On September 29, 2015, Plaintiff Robert Cope initiated the above-captioned action

through the filing of a *pro se* complaint (Doc. 1) naming as defendants Lieutenant Reedy,

Lieutenant Geisinger, Unit Manager Ciocca, Sergeant Koskakowski, C.O. Toluba, C.O.

Wintersteen, and C.O. Martin. Cope thereafter filed an Amended Complaint (Doc. 11) in

November, 2015, which added Secretary Wetzel and Superintendent Delbalso as defendants.

Following the completion of discovery, the defendants (hereinafter "Department of

Corrections Defendants") filed a motion for summary judgment (Doc. 52), to which Plaintiff

Cope responded (*see* Docs. 63, 64, 65). On December 23, 2016, less than one week after

filing his response to the Department of Corrections Defendants' motion, a letter by Plaintiff

dated December 21, 2016, was filed of record informing the Court that Plaintiff would no

longer be at State Correctional Institution – Retreat, and providing the Court with a private

address in Reading, PA. This change of address letter to the Court marks the last document filed by Plaintiff in this action.

On September 14, 2017, Magistrate Judge Saporito issued a Report and Recommendation ("R&R") (Doc. 68) recommending that Defendants' motion for summary judgment be granted in part and denied in part. No party filed objections to the R&R. On October 18, 2017, this Court issued a Memorandum Opinion and Order (Docs. 69, 70) wherein it adopted in part and overruled in part the R&R. As a result of the Court's Memorandum Opinion and Order, this Court granted the majority of the Department of Corrections Defendants' motion for summary judgment, but denied the motion for summary judgment with respect to Plaintiff's Eighth Amendment claim against Defendant Kosakowski, thus leaving that claim for trial. The Court thereafter remanded this action to Magistrate Judge Saporito for the purpose of determining whether the parties would consent to his jurisdiction to conduct the trial in this matter. The Magistrate Judge issued an Order on October 20, 2017, directing the parties to advise the Court whether they would consent to his jurisdiction. (Doc. 71). Although Defendant Kosakowski timely filed a notice of consent (Doc. 74), Plaintiff Cope never responded to the Magistrate Judge's Order.

As a result of Plaintiff's failure to respond, and thus presumed lack of consent to magistrate judge jurisdiction, this Court scheduled a trial in the above-captioned matter to be held on October 9, 2018. (*See* Doc. 75).

On July 20, 2018, the remaining Defendant, Sgt. Eric Kosakowski, filed a Motion to Dismiss Plaintiff's Claim due to Failure to Prosecute (Doc. 77), stating that Plaintiff, who is proceeding *pro se*, has failed to communicate with Defendant's counsel, despite counsel's efforts to contact Plaintiff. Defendant thereafter filed a brief in support of this motion on August 1, 2018. (Doc. 78). On August 24, 2018, Plaintiff having not responded to the Defendant's motion, this Court issued an Order directing Plaintiff to respond to the motion within 7 days of the date of the Order and advising Plaintiff that "[f]ailure to comply with this Order may result in dismissal of Plaintiff's claim." (Doc. 79). To date, Plaintiff has not filed a response to this Court's Order or to Defendant's motion

The Court therefore deems Defendant Kosakowski's motion ripe for resolution. For the reasons that follow, Defendant Kosakowski's Motion to Dismiss Plaintiff's Claim due to Failure to Prosecute (Doc. 77) will be granted.

## II. ANALYSIS

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for failure to prosecute. Unless stated otherwise, "a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

District Courts in the Third Circuit are required to balance six factors in determining whether to grant such a dismissal with prejudice. These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other

3

than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint. Instead, the decision must be made in the context of the district court's extended contact with the litigant." *Mindel v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (internal citation omitted).

Notwithstanding the fact "that dismissals with prejudice . . . are drastic sanctions," *Poulis*, 747 F.2d at 867, the Court finds that the *Poulis* factors warrant dismissal here.

This action is now in a procedural posture for trial, which is set to begin in less than one month. However, neither this Court, nor Defendant's counsel, is aware of whether Plaintiff intends on attending trial or pursuing this action. Nor is Defendant's counsel able to properly prepare for trial, in the absence of any communication from Plaintiff. The delays caused by Cope in failing to communicate with this Court and Defendant's counsel are highly prejudicial to Defendant, in that Plaintiff's lack of communication and unavailability largely prevent Defendant from being able to prepare for trial and prevent Defendant from fully complying with this Court's trial scheduling Order. *See Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008) (explaining that prejudice "includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy. Oftentimes, this type of prejudice involves disputes between the parties on discovery matters because the defendants were deprived of necessary information or had to expend costs to obtain court orders for compliance.")(internal citation and quotation marks omitted).

4

The current situation is entirely the fault of Plaintiff who has failed to file a brief in opposition to Defendant's pending motion, disregarded this Court's Order directing him to file a response to Defendant's current motion and who, according to Defendant's counsel, has not responded to counsel's requests that he contact her (*see* Doc. 78, at 2).[1] In fact, Cope has not filed any documents in this action since December, 2016. In addition to the above-mentioned most recent failures, this also includes the fact that Cope did not file (1) any objections to the R&R (Doc. 68) which recommended the dismissal of a majority of his action; or (2) a response to the Magistrate Judge's Order on October 20, 2017, directing the parties to advise the Court whether they would consent to his jurisdiction (Doc. 71). These facts all lend support to an inference that Plaintiff may have abandoned this action. As a plaintiff proceeding *pro se*, Cope is entirely responsible for timely responding to any Court Orders, as well as communicating with counsel for the opposing party when necessary. *See Briscoe*, 538 F.3d at 258-259 ("it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case. . . .").

Cope's failure to respond to any of the Court's Orders or Defendant's Motion and attempts to communicate with him, has now placed this case in an uncertain posture, without the ability for this Court to move this case to completion. Furthermore, the Court

---

[1] Although the Court is confident that Defendant's counsel has presented an accurate representation of her inability to get in contact with Cope, the Court emphasizes that its finding that the majority of the *Poulis* factors have been met is based on this Court's personal observations of Plaintiff's lack of communication with the Court and failure to respond to any filings on the docket, including this Court's Order that Cope explain why he has purportedly failed to contact Defendant's counsel.

can only conclude that this conduct was "willful," in that Plaintiff has repeatedly failed to file

any documents, including responses to Court Orders and opposing counsel's motion, and

such behavior has been consistent for an extended period of time.[2]

Thus, *Poulis* factors (1), (2), and (4) are clearly satisfied.

The Court also concludes that sanctions other than dismissal would not be effective.

Plaintiff is proceeding *pro se* and *in forma pauperis*. Although he was released from prison

almost two years ago, he remains unrepresented and there is no reason to believe that he

may now be able to pay any form of monetary sanction. Here, Plaintiff has not filed any

documents for almost two years, and, as explained, has failed to respond to every Court

Order and filing since December, 2016. Plaintiff was provided notice by this Court that a

failure to respond to Defendant's Motion to Dismiss may result in dismissal of this action,

and has been provided sufficient time to file a response to Defendant's Motion or request

that this Court provide him with additional time to address the motion. Cope was thus given

every opportunity to continue his case, proceed to trial, and avoid dismissal. *Poulis* factor

(5) is therefore also satisfied.

This leaves the sixth factor, the meritoriousness of Plaintiff's claim. While one of

Plaintiff's claims survived summary judgment, and thus may be meritorious, the mere

potential for merit cannot be enough to salvage the case when Plaintiff has been on notice

---

[2] The docket sheet does not reflect that any document sent by this Court to Plaintiff has been returned as undelivered. However, to the extent that Plaintiff did not receive one or more of this Court's filings due to no longer being located at the address provided to the Court on December 23, 2016, this failure is entirely attributable to Plaintiff for failing to provide this Court with an undated address. This further supports a finding that *Poulis* factors (1) and (4) have been met.

since January, 2018, that a trial is scheduled on his remaining claim for October 9, 2018, and has failed to respond to this Court's Order or purportedly be in contact with Defendant's counsel. However, even assuming that the sixth factor weighs against dismissal, "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindex v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). Because Poulis factors (1), (2), (4), and (5) weigh so heavily in favor of dismissal, the Court finds sufficient justification to dismiss the case.[3]

## III. CONCLUSION

For the foregoing reasons, Defendant Kosakowski's Motion to Dismiss Plaintiff's Claim due to Failure to Prosecute (Doc. 77) will be granted. A separate Order follows.

Robert D. Mariani
United States District Judge

---

[3] The Court finds the third *Poulis* factor, "history of dilatoriness", to be neutral. Although Plaintiff has not filed any documents since December, 2016, he was not technically under an obligation to respond to any filings on the docket since that time other than Magistrate Judge Saporito's Order (Doc. 71), this Court's last Order (Doc. 79), and Defendant's Motion to Dismiss (Doc. 77). It is not clear that a failure to respond to these three filings, in itself, is sufficient to find a "history of dilatoriness" where Plaintiff had previously consistently responded to Defendant's filings and the Magistrate Judge's Orders. *See Briscoe*, 538 F.3d at 261 (explaining that "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness'" and further finding that "to the extent that the District Court relied on [Plaintiff's] failure to attend the [pre-trial] conference as a 'dilatory tactic' in its balancing of the *Poulis* factors, it should have considered this conduct in light of the fact that [Plaintiff] had consistently met deadlines for past motions and had prosecuted his case for over three years.").

7